IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NELSON HERNÁNDEZ-GRAULAU, et al.<br><br>**Plaintiffs,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Defendant.** | CIVIL NO. 24-1214 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant's *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and Motion to Dismiss for Failure to State a Claim* ("*Motion to Dismiss*"). (Docket No. 17). For the reasons outlined below, the Court hereby **GRANTS** Defendant's *Motion to Dismiss*.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

The current case was filed by Plaintiffs Nelson Hernández-Graulau and Ana M. Graulau-Collazo ("Plaintiffs") (individually, "Mr. Hernández-Graulau" and "Ms. Graulau-Collazo"). (Docket No. 1 ¶¶ 8-9). Mr. Hernández-Graulau faces long-term physical and mental complications after he experienced a brain stroke on July 27, 2018. Id. ¶¶ 13, 15-16, 20-21, 23. Plaintiffs allege Mr. Hernández-Graulau's injuries were due to delays in and the quality of

healthcare he received from employees of Camuy Health Services, Inc. ("Camuy Health"). Id. ¶ 17.

On July 25, 2019, Plaintiffs filed a civil complaint in the Superior Court of Puerto Rico. Id. ¶ 24. On July 15, 2020, this complaint was removed to the United States District Court for the District of Puerto Rico. Id. ¶ 25. On July 22, 2020, the Superior Court of Puerto Rico entered judgment transferring the complaint to the federal court because Camuy Health qualified as a federal institution due to its relation to United States Department of Health and Human Services (the "DHHS"). (Docket No. 19 at 3).

On August 31, 2020, Plaintiffs filed an administrative tort claim with the DHHS under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).[1] (Docket Nos. 1 ¶ 26 and 19 at 3). On March 31, 2021, the district court dismissed Plaintiffs' original civil complaint without prejudice while the FTCA claim progressed. (Docket Nos. 1 ¶ 25 and 19 at 3). The DHHS denied the FTCA claim on December 12, 2023, indicating that Plaintiffs could file suit against United States in the appropriate district court within six months. (Docket No. 19 at 3).

On May 10, 2024, Plaintiffs filed the current *Complaint* against the United States of America ("Defendant" or "United States"). (Docket No. 1 ¶ 2). Plaintiffs allege that Defendant is

---

[1] While the *Complaint* identifies the FTCA administrative tort claim as being filed on August 31, 2020, Plaintiffs' *Response to Motion to Dismiss* lists this date as on or about August 7, 2020. (Docket No. 19 at 3).

liable under the FTCA because Mr. Hernández-Graulau's injuries were purportedly sustained under the care of Camuy Health employees. Id. The *Complaint* identifies Camuy Health as a "Federally Qualified Health Center" ("FQHC"), landing within the bounds of the FTCA with the United States as the proper defendant. (Docket Nos. 1 ¶ 2 n.1 and 17 at 5).

On September 3, 2024, Defendant filed the *Motion to Dismiss* seeking full dismissal of the *Complaint*. (Docket No. 17). Defendant argues that dismissal is appropriate under Fed. R. Civ. P. 12(b)(5) because Plaintiffs failed to properly and timely serve the United States within ninety days after the *Complaint* was filed, as required by Fed. R. Civ. P. 4(m). See id. at 1-2, 7. Furthermore, Defendant contends that dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) because Plaintiffs failed to timely exhaust administrative remedies with the relevant government agency, as required by the FTCA. (Docket No. 17 at 9, 13).

On September 11, 2024, Plaintiffs filed their *Response to Motion to Dismiss*. (Docket No. 19). Plaintiffs assert that "all interested parties" have been notified of the *Complaint* as to timely effect proper service, rendering dismissal under Fed. R. Civ. P. 12(b)(5) inappropriate. Id. at 2. Plaintiffs argue that their initial unawareness that Camuy Health is a FQHC (and thus that the United States is a proper defendant under the FTCA) should excuse Plaintiffs' failure to meet the FTCA's two-year statute of

limitations and allow Plaintiffs to avoid dismissal under Fed. R. Civ. P. 12(b)(6). Id. at 3, 6-7.

Defendant filed a *Reply* to Plaintiffs' arguments on September 24, 2024. (Docket No. 22). Defendant reiterated that the *Complaint* should be dismissed first under Fed. R. Civ. P. 12(b)(5) for lack of service of process, or alternatively, under Fed. R. Civ. P. 12(b)(6) for Plaintiffs' failure to timely exhaust the administrative remedies with the proper agency as required by the FTCA. Id. at 2, 10. Defendant argued that Plaintiffs' lack of knowledge of the United States' role in the current case does not excuse the applicability of the FTCA's statute of limitations, nor are there any applicable means of relief from the statute of limitations. Id. at 4-5.

## II. APPLICABLE LAW

### A. Service of Process on the United States

Proper service of process of summons is necessary for a federal court to exercise personal jurisdiction over a defendant. *See* Omni Cap. Int'l v. Rudolph Wolff & Co., 484 U.S. 97, 104 (1987). Fed. R. Civ. P. 12(b)(5) allows dismissal of a complaint for "insufficient service of process" and is the proper way to contest the mode or lack of delivery of the summons and complaint. *See* Rivera Otero v. Amgen Mfg. Ltd., 317 F.R.D. 326, 328 (D.P.R. 2016). When service of process has been challenged, the plaintiff

bears the burden of proving service. *See* id. at 328 (citing Rivera-Lopez v. Mun. of Dorado, 979 F.2d 885, 887 (1st. Cir. 1992)).

Fed. R. Civ. P. 4 outlines summons requirements. Among other things, a summons must name the court and the parties and be directed to the defendant. Fed. R. Civ. P. 4(a)(1)(A)-(B). Under Fed. R. Civ. P. 4(m), the defendant must be served within ninety days after the complaint is filed. Otherwise, the court must dismiss the action without prejudice against the defendant or order that service be made again within a specific time unless good cause exists justifying an extension. Fed. R. Civ. P. 4(m).

Fed. R. Civ. P. 4(i)(1) governs service of process on the United States. First, the plaintiff must deliver a copy of the summons and of the complaint to the United States attorney for the district where action is brought.[2] Fed. R. Civ. P. 4(i)(1)(A). Second, the plaintiff must send a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, DC. Fed. R. Civ. P. 4(i)(1)(B). Third, if the plaintiff's action challenges an order of a nonparty agency or officer of the United States, a copy of the summons and of the complaint must be sent to the agency or officer via registered or certified mail. Fed. R. Civ. P. 4(i)(1)(C).

---

[2] The United States attorney may designate an assistant United States attorney or clerical worker in writing to the court clerk as recipients of the copy of the summons and of the complaint. Fed. R. Civ. P. 4(i)(1)(A)(ii). Delivery may also be made via mail. *See* Fed. R. Civ. P. 4(i)(1)(A)(ii).

**B. Failure to State a Claim**

Fed. R. Civ. P. 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted." When ruling on a motion to dismiss under this rule, courts must determine whether "*all* the facts alleged [in the complaint], when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011) (emphasis in original). This requires treating "any non-conclusory factual allegations in the complaint as true." Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013). Courts may also consider: "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012) (quoting Arturet–Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005)).

The earliest opportunity for a defendant to raise a Fed. R. Civ. P. 12(b)(6) defense is through a Fed. R. Civ. P. 12(b) motion to dismiss filed prior to the defendant's answer to the complaint. Fed. R. Civ. P. 12(b). However, a Fed. R. Civ. P. 12(b)(6) defense is not waived if it is absent in a party's pre-answer motion that includes other applicable Fed. R. Civ. P. 12(b) defenses. Fed. R.

Civ. P. 12(h)(2). This contrasts with Fed. R. Civ. P. 12(b)(2)-(5) defenses, which may be waived if they are omitted from a Fed. R. Civ. P. 12(b) motion to dismiss that they could have been included in. Fed. R. Civ. P. 12(g)(2) and (h)(1).

### C. Waiver of Sovereign Immunity

The United States and its agencies are immune from suit absent a waiver of sovereign immunity. *See*, *e.g.*, F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Sanchez v. United States, 740 F.3d 47, 50 (1st Cir. 2014). Sovereign immunity is a jurisdictional matter because the "terms of the [United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." F.D.I.C., 510 U.S. at 475 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Waivers of sovereign immunity must be unequivocally expressed and strictly construed in favor of the sovereign. *See* United States v. Nordic Village Inc., 503 U.S. 30, 33-34 (1992).

The FTCA operates as "a limited waiver" from sovereign immunity. Arellano v. Fed. Aviation Admin., Civ. No. 21-1195, 2022 WL 2759017, at *2 (D.P.R. July 14, 2022) (quoting Abreu v. United States, 468 F.3d 20, 23 (1st Cir. 2006)); *see also* Muniz-Rivera v. United States, 326 F.3d 8, 12 (2003). With some exceptions, the FTCA waives the United States' sovereign immunity for tort claims involving the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his

office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Hydrogen Tech. Corp. v. United States, 831 F.2d 155, 1160-61 (1st Cir. 1987) (quoting 28 U.S.C. § 1346(b)).

### D. Timeliness and Exhaustion of Administrative Remedies under the FTCA

Before filing a FTCA complaint in district court, a plaintiff must first comply with and exhaust the FTCA's administrative procedure for claimants. *See* 28 U.S.C. § 2675. A FTCA claim against the United States for money damages for personal injury caused by the negligent or wrongful act or omission by any Government acting within the scope of his official duties cannot proceed unless the claimant: (i) first submitted their claim to the appropriate federal agency; and (ii) had the claim denied by the agency in writing and sent by certified or registered mail. *See* id. § 2675(a). Additional legislation at 28 U.S.C § 2401(b) provides that a tort claim against the United States is forever barred unless "presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing...of notice of final denial of the claim by the agency." *See also* Donahue v. United States, 634 F.3d 615, 622 (1st Cir. 2011).

Successful exhaustion of the FTCA's administrative remedies requires a plaintiff to file a "claim form or 'other written notification' which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." Santiago-Ramirez v. Sec'y of the Dep't of Def., 984 F.2d 16, 19 (1st Cir. 1993) (quoting López v. United States, 758 F.2d 806, 809-10 (1st Cir. 1985)); *see also* 28 U.S.C. § 2675(a). The exhaustion requirement is intended to allow efficient agency investigation of claims, not to defeat valid claims through mere technicalities. *See* López, 758 F.2d at 809; Santiago-Ramirez, 984 F.2d at 19.

A plaintiff's FTCA claim generally accrues at the time of the injury. *See*, *e.g.*, Morales-Melecio v. United States, 890 F.3d 361, 368 (1st Cir. 2018); Ramirez-Carlo v. United States, 496 F.3d 41 (1st Cir. 2007); Donahue, 634 F.3d at 623; United States v. Kubrick, 444 U.S. 111, 120 (1979) (referencing the "general rule" under the FTCA that a tort claim accrues "at the time of the plaintiff's injury"). In the specific context of medical malpractice, claim accrual does not require a plaintiff to know the full facts of their injury, such as whether their injury was negligently inflicted or if their physician is a federal employee. *See* Skwira v. United States, 344 F.3d 64, 76-77 (1st Cir. 2003); *see also* Morales-Melecio, 890 F.3d at 370.

First Circuit case law indicates that a plaintiff's claim begins accruing once the plaintiff has "something less than definitive knowledge" of the injury, a view held by other courts. *See* Skwira, 344 F.3d at 77. *See also* Gonzalez, 284 F.3d at 289 (medical malpractice claim accrues once a plaintiff "knows of the injury and its probable cause"); Garza, 284 F.3d at 935 (a claim accrues once plaintiff "had reason to believe" that the government was responsible for the injury); Ramming v. United States, 281 F.3d 158, 163 (5th Cir. 2001) (per curiam) (appellant should have "knowledge of facts that would lead a reasonable person (a) to conclude that there was a causal connection ... or (b) to seek professional advice").

When a plaintiff's injury or its cause is not apparent, a narrow "discovery rule" exception may prevent the claim from accruing until the plaintiff knows or should know the existence and cause of the injury. *See* Donahue, 634 F.3d at 623; *see* Kubrick, 444 U.S. at 122-23 (establishing the discovery rule exception for a medical malpractice claim). As Plaintiffs do not claim Mr. Hernández-Graulau's injuries or their purported cause were inapparent, this exception does not apply here. (Docket Nos. 1 and 19).

Extraordinary circumstances may also delay accrual of a plaintiff's medical malpractice claim; for example, "if the government or its agents have 'misled or deceived a plaintiff, or

otherwise hidden the legal identity of alleged tortfeasors as federal employees.'" Skwira, 344 F.3d at 76 n.13 (quoting Garza v. U.S. Bureau of Prisons, 284 F.3d 930, 935 (8th Cir. 2002)). Such circumstances can defer accrual of the claim if the plaintiff can show "at the very least" that this information could not be found by a timely diligent inquiry. Id. (quoting Gonzalez v. United States, 284 F.3d 281, 291 (1st Cir. 2002)). Here, Plaintiffs have not argued that the federal government misled or deceived them about the legal identity of Camuy Health or its employees. (Docket Nos. 1 and 19). Without evidence that Plaintiffs faced extraordinary circumstances delaying accrual, this exception does not apply to the case at bar.

The tolling of the FTCA's statute of limitations is governed by federal law rather than state law. *See* Morales-Melecio, 890 F.3d at 365 n.9; Dominguez v. United States, 799 F.3d 151, 154 (1st Cir. 2015). Any tolling provisions in Puerto Rican tort law do not apply to the case at bar. *See* Dominguez, 799 F.3d at 154.

Finally, the First Circuit categorizes claims involving the FTCA's statute of limitations as affirmative defenses subject to Fed. R. Civ. P. 12(b)(6). *See* Morales-Melecio, 890 F.3d at 367 ("motions to dismiss based on the FTCA's statute of limitations should now be brought under Federal Rule of Civil Procedure 12(b)(6)" before citing a Fifth Circuit case which came to the same conclusion). A party claiming the tolling of the FTCA's

statute of limitations should thus be brought under a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See* id.

### III. DISCUSSION

**A. Plaintiffs' Insufficient Service of Process Under Fed. R. Civ. P. 4(i)(1)**

A review of the *Complaint* shows that the case at bar challenges Government agency action under the FTCA and places the United States as the only defendant. (Docket No. 1). Consequently, proper service requires delivery of a copy of the summons and of the *Complaint* to (i) the United States Attorney for the District of Puerto Rico, (ii) the Attorney General of the United States in Washington, DC, and (iii) the agency whose action is being challenged (the DHHS). Fed. R. Civ. P. 4(i)(1).

An examination of the record shows that as of October 11, 2024, Plaintiffs have not provided the Attorney General of the United States nor the DHHS with a copy of the summons and of the *Complaint*. (Docket Nos. 1-22). Plaintiffs attempted service on all three entities in May 2024, but improperly addressed the summons to each individual party as though they were all defendants in the case at bar. (Docket No. 5). Service under Fed. R. Civ. P. 4(i)(1) requires that a *copy* of the summons and of the complaint be delivered to each party, *not* that each party be listed as a defendant on the summons. Fed. R. Civ. P. 4(a)(1)(B) provides further guidance, stating that a proper summons must be "directed

to the defendant," which here is the United States. (Docket No. 1). Plaintiffs did not comply with Fed. R. Civ. P. 4(i)(1) and failed to provide proper service of process.

In June 2024, Defendant filed a motion informing the Court of improper service and requesting an order to compel Plaintiffs to properly and timely serve Defendant in compliance with Fed. R. Civ. P. 4(m). (Docket No. 9). The Court granted this motion, as well as a subsequent motion by Plaintiffs for a new and corrected issuance of summons. (Docket Nos. 10-12).

On July 3, 2024, the United States Attorney for the District of Puerto Rico was properly served under Fed. R. Civ. P. 4(i)(1)(A), with the copy of the new summons listing the United States as Defendant. (Docket No. 14). However, neither the Attorney General of the United States nor the DHHS have received a copy of the new summons and of the *Complaint*, as is required for proper service of process under Fed. R. Civ. P. 4(i)(1)(B)-(C). (Docket No. 22 at 2).

Plaintiffs filed the *Complaint* on May 10, 2024. (Docket No. 1). Fed. R. Civ. P. 4(m) establishes a ninety-day time limit for proper service of process, after which the Court must dismiss the action without prejudice or order service to be made within a specified time. Over 120 days have elapsed since Plaintiffs filed the *Complaint*- far after the deadline for service under Fed. R.

Civ. P. 4(m)- and proper service has still not been provided to Defendant under Fed. R. Civ. P. 4(i)(1). (Docket No. 1).

Although extensions can be granted if there is good cause for a plaintiff's failure to serve, the Plaintiffs have not provided any such reason. *See* Fed. R. Civ. P. 4(m); (Docket No. 19). Plaintiffs' *Response to Motion to Dismiss* acknowledges that only the United States Attorney for the District of Puerto Rico has been properly served with the new summons, but still claims that service was properly made upon all interested parties. (Docket No. 19 at 2). Plaintiffs have failed to properly and timely provide service of process under Fed. R. Civ. P. 4.

As Plaintiffs have not completed service under Fed. R. Civ. P. 4(i)(1)(B)-(C) within ninety days of filing the *Complaint*, dismissal of the *Complaint* for insufficient service of process is appropriate. Fed. R. Civ. P. 4(m) and 12(b)(5). Defendant properly raised the defense of dismissal for insufficient service of process under Fed. R. Civ. P. 12(b)(5) in the pre-answer *Motion to Dismiss*. *See, e.g.*, Rivera Otero, 317 F.R.D. at 328. Dismissal is further supported by Plaintiffs' failure to properly and timely serve Defendant after this Court's July 2024 order to provide proper service. (Docket Nos. 9 and 11).

   **B. Plaintiffs' Failure to Timely Exhaust the FTCA's Administrative Remedies**

Defendant also argues that the case at bar is time-barred and should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiffs failed to timely exhaust the FTCA's administrative remedies before the DHHS within the FTCA's two-year statute of limitations. (Docket Nos. 17 and 22).

Plaintiff's *Complaint* brings a FTCA medical malpractice claim against Defendant. (Docket Nos. 1, 17, and 19). Under the general rule for claim accrual, Plaintiffs' claim accrued on July 27, 2018, when Mr. Hernández-Graulau experienced the purported harm from Defendant. *See*, *e.g.*, Morales-Melecio, 890 F.3d at 368; Ramirez-Carlo, 496 F.3d at 41; Donahue, 634 F.3d at 623; (Docket No. 1 ¶ 19). Despite their claims to the contrary, Plaintiffs did not need to know the full facts of Mr. Hernández-Graulau's purported injuries for their claim to begin accruing (including whether the employee treating him was a federal employee). *See* Skwira, 344 F.3d at 76; (Docket No. 19 at 3, 7).

Furthermore, there is no evidence of extreme or extenuating circumstances (*e.g.*, a defendant misleading a plaintiff as to a healthcare center's federal status) that would justify delaying accrual of Plaintiffs' claim in contradiction to the general rule of accrual. *See* Gonzalez, 284 F.3d at 289; Garza, 284 F.3d at 935. Plaintiffs' *Complaint* shows that Plaintiffs knew or should have

known of Defendant's role in both their original claim and the case at bar no later than July 15, 2020, when the original claim was removed to the district court. (Docket No. 1 ¶ 25). This left them with ample time to file their administrative complaint with the DHHS before the statute of limitations expired on July 27, 2020.

Although a valid claim should not be defeated by minor technicalities, "individuals wishing to sue the government must comply with the details of the law." Santiago-Ramirez, 984 F.2d at 19 (quoting López, 758 F.2d at 809-10). Plaintiffs did not do so here. The FTCA imposes a two-year statute of limitations from the date of a claim's accrual for a prospective plaintiff to bring their claim to the appropriate federal agency (here, the DHHS). 28 U.S.C § 2401(b). Two years from the accrual of Plaintiffs' claim passed on July 27, 2020. However, Plaintiffs did not file their administrative tort claim with the DHHS until August 31, 2020, exceeding the FTCA's two-year period. (Docket Nos. 1 ¶ 26 and 17 at 5).

Plaintiffs did not timely exhaust the FTCA's administrative remedies as they did not present their claim to the DHHS within the FTCA's two-year statute of limitations. See 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b); (Docket Nos. 1 ¶ 26 and 17 at 5). Plaintiffs' failure to timely and properly exhaust the FTCA's administrative remedies means that Plaintiffs are barred from

bringing their claim in federal court. *See* 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b) (stating tort claims that do not comply with the FTCA's administrative requirements are "forever barred").

Plaintiffs' failure to timely and properly exhaust administrative remedies with the DHHS by missing the FTCA's statute of limitations for claims is an affirmative defense subject to Fed. R. Civ. P. 12(b)(6). *See* Morales-Melecio, 890 F.3d at 367. Their claim may be dismissed not only under Fed. R. Civ. Pro. 12(b)(5), but also under Fed. R. Civ. P. 12(b)(6) for failing to state a claim on which relief may be granted. *See* id. Defendant properly raised their Fed. R. Civ. P. 12(b)(6) defense in the pre-answer *Motion to Dismiss* alongside their aforementioned 12(b)(5) defense.

### C. Additional Arguments by Plaintiffs

In their *Response to Motion to Dismiss*, Plaintiffs raise several legal arguments in passing, but fail to provide sufficient reasoning or citations in support of these claims. (Docket No. 19). Plaintiffs first allude to the applicability of the Westfall Act via 28 U.S.C. § 2679(d). (Id. at 6). They do not explain why the Act applies to their claim or provide support for their assertions as required by Local Rule 7. *See* id.; L. CV. R. 7(a)-(b). However, Defendant has provided a persuasive explanation as to why the Westfall Act does not apply to Plaintiffs' claim.

(Docket No. 22 at 5-8). Plaintiffs' failure to provide a developed argument on this issue justifies waiving it entirely. *See* United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (repeating the appellate rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); *see, e.g.*, Negron Jimenez v. Rodríguez-Adorno, Civ. No. 06-1055, 2009 WL 605365, at *16 (D.P.R. Mar. 9, 2009) (plaintiffs' claims dismissed because they made "no effort" to substantiate them); Green-Berrios v. Sig Sauer, Inc., Civ. No. 22-1002, 2024 WL 1829269, at *7 (D.P.R. Feb. 27, 2024) (quoting Zannino when waiving a party's argument that was insufficiently developed); Torres-Medina v. Wormuth, Civ. No. 21-1362, 2023 WL 6306982, at *4 (D.P.R. Sept. 28, 2023) ("The Court will not entertain undeveloped arguments").

Plaintiffs also engage in a discussion of the distinction between an independent contractor and employee, but without connecting the discussion to a larger legal argument. (Docket No. 19 at 4-7). Likewise, Plaintiffs argue their failure to timely file their claim with the DHHS should be excused because they did not know about Camuy Health's legal relationship with Defendant, but the Court finds no legal or factual basis for this claim. (Docket No. 19 at 7).

Plaintiffs briefly mention the doctrine of equitable tolling, but as Defendant argues, the doctrine's elements are not satisfied

because of the absence of due diligence by Plaintiffs and of exceptional circumstances, such as fraud or purposeful concealment of a defendant's legal identity, that would justify missing FTCA's statute of limitations. (Docket Nos. 19 at 5-6 and 22 at 4-5). *See also* United States v. Wong, 575 U.S. 402, 408 (2015) (equitable tolling allows a court to "pause the running of a limitations statute in private litigation when a party 'has pursued his rights diligently but some extraordinary circumstance' prevents him from meeting a deadline") (quoting Lozano v. Montoya Alvarez, 572 U.S. 1, 10 (2014)).

Plaintiffs argue that Defendant waived the right to a Fed. R. Civ. P. 12(b)(6) defense by failing to timely raise it (despite Defendant raising this defense in a pre-answer motion). (Docket No. 19 at 7). However, Plaintiffs fail to provide any citations or support as required by Local Rule 7(a) for this assertion, which the plain text of Fed. R. Civ. P. 12 rebuts. *See* L. CV. R. 7(a); (Docket Nos. 19 at 7 and 22 at 9-10).

### IV. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss* at Docket No. 17 is hereby **GRANTED**. Plaintiffs' *Complaint* is hereby **DISMISSED WITH PREJUDICE**. Judgment of dismissal shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of October 2024.

s/Raúl M. Arias-Marxuach  
UNITED STATES DISTRICT JUDGE
